# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MARGARET D'AMICO, | : |
| Plaintiff, | : |
| | : |
| v. | : No. 5:16-cv-2811 |
| | : |
| MOGEL, SPEIDEL, BOBB & KERSHNER, | : |
| FREDERICK R. MOGEL, STEPHEN H. PRICE, | : |
| SEAN J. O'BRIEN, and MARK E. ZIMMER, | : |
| Defendants. | : |

_____

### MEMORANDUM
**Defendants' Motion to Dismiss Amended Complaint, ECF No. 10 – Granted in Part**

**Joseph F. Leeson, Jr.**                                                              **October 11, 2016**
**United States District Judge**

## I.    INTRODUCTION

On June 8, 2016, Plaintiff Margaret D'Amico initiated the above-captioned action against

her former employers.  Defendants filed a Motion to Dismiss, but on August 25, 2016, Plaintiff

filed an Amended Complaint, ECF No. 8.  Plaintiff alleges that she was harmed by disability-

based discrimination and retaliatory practices in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. §12101 *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §

951 *et seq.*  Am. Compl., ECF No. 8.

Specifically, Plaintiff alleges that she worked as the Office Manager since 1989, but on

April 22, 2015, hours after she made a formal complaint of disability discrimination she was

terminated.  *Id.* ¶ 7.  The Amended Complaint avers, "[a]t all relevant times Plaintiff was a

qualified individual with a disability, able to perform all her essential job functions with or

without reasonable accommodation."  *Id.* ¶ 23.  Plaintiff alleges that she was "suffering from an

ADA-covered disability which was first diagnosed in November 2013."  *Id.* ¶ 24.  She alleges

that her "condition significantly impaired [her] in one or more major life activities, including but not limited to thinking, concentrating, seeing and working." *Id.* ¶ 25. Plaintiff alleges that she was "required to undergo surgery and follow-up medical treatment of the condition," that she "made known to Defendants her need for leave as an ADA accommodation as well as other accommodations related to medical leave," and that "between November 2013 and May of 2014, [she] was required to take medical leave and have medical treatments." *Id.* ¶¶ 26-27.

Plaintiff alleges that Defendants Price and Zimmer would question her need for medical treatment and medical leave, and that, "[o]n one occasion, the extent, frequency and intensity of the questioning by Zimmer was so severe" that her treatment was delayed "until her emotional state could stabilize enough for her to tolerate the treatment." *Id.* ¶¶ 30-31. She alleges that "[a]s a direct result of the underlying condition, the treatment regime, the effects of the medical regime, and the actions of Defendants Price and Zimmer, [she] also developed a mental health condition which required medical treatment approximately one day per week during 2015." *Id.* ¶ 33. Plaintiff alleges that the mental health condition was made known to Defendants and "is itself a disability under the ADA in that it significantly restricted her in the major life activities of thinking and concentrating." *Id.* ¶ 34. Plaintiff alleges that beginning in January 2015, Defendants pressured her to go out on disability, "ostracized" her, took her duties away, and downgraded her position to "staff." *Id.* ¶¶ 41-46. The Amended Complaint states that on April 22, 2015, after being asked again by Defendant O'Brien about going out on disability, Plaintiff sent a letter to Defendants putting them on notice of her claims and that less than four hours later, she was terminated without any stated reason. *Id.* ¶¶ 48-55.

Count I of the Amended Complaint, against Defendant Mogel, Speidel, Bobb & Kershner ("MSBK"), asserts a violation of the ADA for hostile work environment, failure to

accommodate, and discrimination.  *Id.* ¶¶ 70-75.  Plaintiff alleges that she "was disabled, regarded as and/or perceived as disabled by MSBK" and "was able to perform all of the essential functions of her position with or without accommodation."  *Id.* at ¶ 72.  In Count II, Plaintiff alleges retaliation under the ADA against MSBK.  *Id.* ¶¶ 76-78.  Plaintiff asserts a claim under the PHRA against MSBK in Count III.  *Id.* ¶¶ 79-81.  Finally, Plaintiff alleges in Count IV that the individual Defendants are liable for aiding and abetting under the PHRA.  *Id.* ¶¶ 82-85.  The Amended Complaint also includes a Statement of Facts Justifying the Imposition of Punitive Damages Under the ADA.  *Id.* ¶¶ 86-92.

Defendants have moved to dismiss the Amended Complaint with prejudice for failure to state a claim.  ECF No. 10.  They argue, first, that Plaintiff's failure to identify her alleged disability warrants dismissal of the ADA claims.  Defs.' Supp. Mot. Dismiss 5-8, ECF No. 10-1.  Defendants assert that their alleged knowledge of the purported disability does not permit Plaintiff to evade the requisite pleading standards.  *Id.* at 7.  Next, Defendants argue that Plaintiff has failed to plead facts supporting a nexus between her protected status and the alleged adverse actions taken against her, which is required to state a claim for discrimination, retaliation, and hostile work environment.  *Id.* at 8-11.

In response, Plaintiff submits that there is no requirement to identify her disability by name; rather, she must plead only that her impairment significantly limited one or more major life activities.  Pl.'s Resp. Mot. Dismiss, ECF No. 4-10, ECF No. 11.  She argues that the Amended Complaint satisfies this requirement, and notes that the ADA amendments in 2008 made it clear that the definition of a disability is to be construed broadly.  *Id.*  Second, Plaintiff asserts that she has adequately alleged a causal nexus between her disability and the adverse action.  *Id.* at 10-15.  She points to the alleged continuing pattern of harassment directly flowing

from her medical condition, and to the temporal proximity of her termination as unduly

suggestive of retaliation. *Id.*

For the reasons set forth herein, the Motion is granted in part and denied in part.

## II.      <u>STANDARD OF REVIEW – MOTION TO DISMISS</u>

In rendering a decision on a motion to dismiss, the Court must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v.*

*Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion

to dismiss under Rule 12(b)(6). First, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts

suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550

U.S. at 563 n.8). Second, the court must determine whether the complaint "states a plausible

claim for relief, . . . [which is] a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Id.* at 678. Only if "the '[f]actual allegations . . .

raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.

*Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   ANALYSIS

**A.     Although Plaintiff is not required to identify her impairment, the Amended Complaint is insufficient because it does not include sufficient facts from which the Court can determine whether the impairment qualifies as a "disability" under the ADA.**

The ADA defines "disability" as either (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  The PHRA contains a substantially similar definition of "handicap or disability."  *See* 43 P.S. § 954(p.1); *Salley v. Circuit City Stores*, 160 F.3d 977, 979 (3d Cir. 1998).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

Plaintiff alleges that her "condition significantly impaired [her] in one or more major life activities, including but not limited to thinking, concentrating, seeing and working."  She also alleges that she was "regarded as and/or perceived as disabled by MSBK."  Plaintiff does not, however, claim that she has a "record of" impairment.[1]

"The determination of whether an individual is substantially limited in a major life activity must be made 'on a case-by-case basis.'"  *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 167 (3d Cir. 2015) (quoting *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).

---

[1]     *Eshelman v. Agere Sys.*, 554 F.3d 426, 436-37 (3d Cir. 2009) (explaining that Congress included a "record of" claim to protect individuals who once suffered from a disability, but recovered, from being discriminated against based on their prior condition).

"What matters is not the name or diagnosis of the impairment but 'the effect of the impairment on the life of the individual.'" *Id.*

Accordingly, while Plaintiff is not required to include the precise name or diagnosis of her impairment to meet the first definition of a "disability," she must allege sufficient facts from which the Court can determine whether her impairment qualifies as a "disability" under the ADA and PHRA. *Compare McCann v. Catholic Health Initiative*, No. 98-CV-1919, 1998 U.S. Dist. LEXIS 14011, at *4-5 (E.D. Pa. Sept. 8, 1998) (dismissing the complaint without prejudice because the plaintiff failed to provide the court with even "some inkling as to his predicament" and made only a few "conclusory and nebulous generalizations"), *with Balliet v. Scott's Auto Serv.*, No. 11-cv-05394, 2013 U.S. Dist. LEXIS 45321, at *14-15 (E.D. Pa. Mar. 29, 2013) (finding that although the plaintiff did not name her impairment, the complaint alleged sufficient facts - that her diagnosed medical conditions affected her musculoskeletal system, nervous system, and internal organs, and also restricted her ability to cook for herself, to use her right arm, to move about, to dress, to concentrate, to sit, to stand, to do household chores, yard work, and the work of a bookkeeper - from which it could be determined that she was disabled for purposes of the ADA). Plaintiff has failed to satisfy this requirement. The Amended Complaint is so devoid of facts that this Court is unable to determine whether Plaintiff originally suffered from a mental or physical impairment. Her failure to identify the impairment, *see Albertson's, Inc.*, 527 U.S. at 566 (finding that "some impairments may invariably cause a substantial limitation of a major life activity"), coupled with the lack of factual allegations describing how the impairment affected her activities of daily living, *see Popko v. Penn State Milton S. Hershey Med. Ctr.*, No. 1:13-cv-01845, 2015 U.S. Dist. LEXIS 109939, at *10 (M.D. Pa. Aug. 19, 2015) ("Crucially, Plaintiff also fails to adequately allege facts in support of his assertion that he is

6

accordingly substantially limited in performing the major life activities of 'eating and sleeping . . . interacting with others, thinking, concentrating, and judgment'"), subject the Amended Complaint to dismissal. *See Riley v. St. Mary Med. Ctr.*, 2014 U.S. Dist. LEXIS 57065, at *21 (E.D. Pa. Apr. 23, 2014) (dismissing the ADA and PHRA claims because the plaintiff "provided no facts illuminating to what extent or how her activities are 'limited'").

The Amended Complaint also fails to allege sufficient facts to satisfy the second definition of disability. "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). To prevail, the "plaintiff would have to show that his employer misinterpreted information about his limitations to conclude that he was unable to perform a 'wide range or class of jobs.'" *Keyes v. Catholic Charities of the Archdiocese of Phila.*, 415 F. App'x 405, 410 (3d Cir. 2011); *Amoroso v. Bucks County Court of Common Pleas*, No. 13-0689, 2014 U.S. Dist. LEXIS 41469, at *24-25 (E.D. Pa. Mar. 28, 2014) ("Simply alleging that an employer knew about a disability is not sufficient to demonstrate that the employer regarded the employee as disabled."). The "plaintiff must show that the employer believed that a major life activity was substantially limited by the plaintiff's impairment." *Popko v. Penn State Milton S. Hershey Med. Ctr.*, No. 1:13-cv-01845, 2014 U.S. Dist. LEXIS 95486, at *16 (M.D. Pa. July 14, 2014).

The Amended Complaint contains no information as to what Plaintiff's limitations are or how her impairment affected her major life activities, nor does it include factual allegations regarding what information Defendants misinterpreted to conclude that she was unable to perform her job. Therefore, she has failed to state a "regarded as" claim. *See Szarawara v.*

*County of Montgomery*, No. 12-5714, 2013 U.S. Dist. LEXIS 90386, at *21-22 (E.D. Pa. June 27, 2013) (concluding that nothing in the complaint "even hint[ed] at the nature of the limitation from which Defendant allegedly believed him to suffer," and dismissing the "patently insufficient pleading").

Defendants' Motion to Dismiss, based on Plaintiff's alleged failure to identify her disability, is granted; however, the dismissal is without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). Although Plaintiff previously filed an Amended Complaint, this Court does not believe that allowing another amendment would be futile or inequitable. Plaintiff is advised, however, that if she fails to cure the deficiencies outlined herein, further leave to amend will not be granted.

**B.** **The unusually suggestive temporal proximity between Plaintiff's notification to Defendants of her claims and their decision to terminate her employment establishes a causal nexus for the discrimination, retaliation, and hostile work environment claims.**

To state a claim under the ADA for hostile work environment, discrimination, and retaliation, a plaintiff must show a causal connection between the protected activity or disability and the adverse action. *See, e.g., Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Jensen v. Potter*, 435 F.3d 444, 449-50 (3d Cir. 2006); *Swinkowski v. McClane Co.*, No. 3:15-CV-00624, 2016 U.S. Dist. LEXIS 124172, at *24-29 (M.D. Pa. Sept. 12, 2016). A causal link may be shown by evidence of a pattern of antagonizing behavior. *See Robinson v. Southeastern Pa. Transp. Auth.*, 982 F.2d 892, 895-96 (3d Cir. 1993) (determining that a pattern of antagonism existed because the employer subjected the plaintiff to a "constant barrage of written and verbal warnings . . ., inaccurate point totalings, and disciplinary action, all of which occurred soon after plaintiff's initial complaints and continued until his discharge"). An unusually suggestive

temporal proximity may also establish causation.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).  "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'"  *Id.*; *see also Donald v. SEPTA*, No. 13-0440, 2014 U.S. Dist. LEXIS 103670, at *22-24 (E.D. Pa. July 29, 2014) (finding that the plaintiff had established that the adverse employment action was causally related to the invocation of rights where he was terminated one day after returning from FMLA leave).

Plaintiff alleges that between January and April 2015, Defendants began pressuring her to go out on disability, "ostracized" her, took her duties away, and downgraded her position. Additionally, she alleges that on April 22, 2015, less than four hours after being advised of her ADA claim, Defendants decided to terminate her employment.  These allegations of a pattern of antagonizing behavior and, most importantly, of close temporal proximity are sufficient to show a causal connection.  Defendants' Motion to Dismiss based on this argument is therefore denied.

## IV.  <u>CONCLUSION</u>

Despite Defendants' arguments to the contrary, Plaintiff is not required to identify her impairment.  Nevertheless, she must allege sufficient facts from which the Court can determine whether she meets the definition of disabled under the ADA and PHRA.  The Amended Complaint fails to satisfy this requirement because it contains virtually no facts regarding the nature of the impairment, how and to what extent Plaintiff's activities of daily living were affected, or what limitation Defendants' allegedly regarded her as having.  However, based on the allegations of temporal proximity, the Amended Complaint does sufficiently allege a causal nexus to support Plaintiff's claims for discrimination, retaliation, and hostile work environment.

The Motion to Dismiss is therefore granted in part and denied in part.  Plaintiff will be given one final opportunity to amend her complaint to cure the deficiencies outlined herein.

A separate Order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge